## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| Jennifer Fowler,<br><br>        Plaintiff,<br>v.<br><br>Ally Financial Inc.,<br><br>        Defendants. | Court File No.: 26-cv-000146<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Jennifer Fowler (hereinafter "Plaintiff"), and for her Complaint against the Defendant, Ally Financial Inc. (hereinafter "Defendant" or "Ally") state as follows:

### I.    INTRODUCTION

1. Plaintiff brings this Complaint for damages against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA"), which prohibits unfair credit reporting methods, and Defendant Ally's violations of the Bankruptcy Discharge Injunction 11 U.S.C. § 524.

### JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, 11 U.S.C. § 524, and 15 U.S.C. § 1681.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District. See *Ford Motor Co. vs. Montana Eighth Judicial District Court,* 2021 WL 1132515 (U.S. March 25, 2021).

## PARTIES

4. Plaintiff, Jennifer Fowler (hereinafter "Plaintiff"), is a natural person who resides in the City of Pinellas Park, State of Florida, and is a "consumer" or "debtor" as that term is defined by 15 U.S.C. § 1681a(c) and Florida Statutes, Section 559.55(8).

5. Defendant Ally is a financial institution that conducts business in the State of Florida. Defendant Ally has a principal place of business located at 500 Woodward Avenue 10th Floor Detroit MI, 48226.. Defendant Ally has an agent of service located at C T Corporation System 1200 South Pine Island Road Plantation, FL 33324. The defendant is a "person" or "creditor" as defined in 15 U.S.C. § 1681a(b) and Florida Statutes, Section 559.55(5) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

6. Sometime in February 2018, Plaintiff incurred a debt with Defendant Ally, specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5),

7. Plaintiff, filed for chapter 7 bankruptcy case no: 8:21-bk-000545-RCT and was discharged on May 12, 2021, but the debt with Ally was reaffirmed on February 5, 2021 for her 2015 GMC Light Duty Terrain Utility 4D SLT 2WD.

8. The debt with Ally was paid off in January of 2025 and she even got confirmation from Ally that it was paid off.

9. On or around November 2024 over the phone I disputed with Experian over the phone.

10. On or around September of 2025 I disputed with Experian on their online program/application.

11. In October of 2025, Plaintiff submitted an dispute with Experian, Equifax and TransUnion pursuant to 15 U.S.C. § 1681i, stating, in relevant part, that Defendant Ally was misreporting that Plaintiff's account being discharged through bankruptcy instead of paid in full.

12. Experian, Equifax, and TransUnion communicated Plaintiff's dispute to Defendant Ally in automated consumer dispute verification ("ACDV") forms and copies of the dispute correspondence pursuant to 15 U.S.C. § 1681i(a)(2).

13. In response, Defendant Ally erroneously responded and verified to Experian, Equifax, and TransUnion that the account was discharged in bankruptcy instead of paid off.

14. Defendant Ally obviously failed to conduct a reasonable investigation into Plaintiff's disputes, failed to review all relevant information available to it, and failed to update and/or remove the inaccurate account status information, in the alternative, failed to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Code) to "XB," all in violation of 15 U.S.C. § 1681s-2(b).

35. Defendant's actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendant Ally having received and documented direct notice of Plaintiff's reaffirmation agreement and being the recipient of Plaintiff's

payments for years. Defendant Ally even sent Plaintiff a congratulations email of paying off the vehicle.

36. Plaintiff has suffered emotional distress, anxiety, depression, despair, loss of sleep, loss of time, nausea, headaches, and mental anguish as this inaccurate tradeline is impacting her overall credit profile and her ability to obtain credit.

37. Plaintiff has also incurred out-of-pocket losses because of Defendants' inaccurate credit reporting in the form of postage, loss of time in an amount not less than 40 hours at his hourly rate of $25 per hour spent communicating with Defendants, and payment of attorney's fees and costs incurred.

## RESPONDEAT SUPERIOR LIABILITY

43. The acts and omissions of employees and other agents of Defendants who communicated with Plaintiff and/or with the Defendant CRAs were committed within the time and space limits of their agency relationship with their principal, Defendants.

44. The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Ally.

45. By committing these acts and omissions against Plaintiff, these agents were motivated to benefit their principal, Defendant Ally.

46. Defendant Ally is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of federal law by its agents, including but not limited to violations of the FCRA.

## STANDING

47. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendants; and

    c. and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

48. In order to meet the standard laid out in *Spokeo* and *Lujan,* Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

49. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

50. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendants' actions negatively impacted Plaintiff's credit.

51. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo,* 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered worse credit and emotional distress.

*The "Traceable to the Conduct of Defendant's Prong*

52. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of the Defendants.

53. In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agents at the direction of Defendants.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

54. The third prong to establish standing at the pleadings phase requires the Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

55. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

56. Furthermore, the award of monetary damages redress the injuries of the past and prevents further injury by Defendants in the future.

57. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

## **TRIAL BY JURY**

58. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*. – AGAINST DEFENDANT ALLY

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendant ALLY violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it and documentation provided by Plaintiff, and failing to update and/or remove the inaccurate tradeline or, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Codes) Code to "XB."

61. Defendant Ally's reporting adversely and/or negatively affected Plaintiff's credit profile.

62. Further, Defendant Ally violated 15 U.S.C. §1681e(b) on numerous occasions when it published to third parties Plaintiff's credit report with inaccuracies.

63. Defendant Ally failed to review the public records to which it had access and instead continued to rely on flawed data and its system, which repeatedly reported and populated false information about Plaintiff, in violation of 15 U.S.C. §1681e and §1681i.

64. As a result of Defendant Ally's violations of the FCRA, Plaintiff has suffered actual damages not limited to the detriment of his credit rating, out-of-pocket loss,

emotional distress, embarrassment, mental anguish, and anxiety in an amount to be determined at trial.

65. Defendant Ally's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66. Alternatively, Defendant Ally's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

67. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Defendant Ally in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual and statutory damages against Defendant for their violations of the FCRA pursuant to 15 U.S.C. §§ 1681n, 1681o;
- an award of punitive damages against Defendant for their willful noncompliance with the FCRA and FCCPA pursuant to 15 U.S.C. § 1681n;
- an award of costs and attorney's fees against Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o;
- Find Defendant Ally in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations; and
- such other and further relief as the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that they and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Dated: January 15, 2026

        Respectfully submitted,

        Consumer Law Attorneys
        /s/ Young Kim
        Young Kim, Esq., FBN 122202
        2727 Ulmerton Rd., Ste. 270
        Clearwater, FL 33762
        Phone: (877) 241-2200
        litigation@consumerlawattorneys.com
        ykim@consumerlawattorneys.com
        Counsel for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jennifer Fowler, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Amended Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Amended Complaint.
5. I have filed this civil Amended Complaint in good faith and solely for the purposes set forth in it.

_____
Jennifer Fowler